# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DALE BURKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 07-432-GPM-PMF |
| | ) | |
| DONALD N. SNYDER JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Dale Burke's § 2241 petition for a writ of habeas corpus (Doc. No. 1). Burke claims that he was subjected to a loss of liberty in the form of good time credits in violation of the Fifth and Eighth Amendments to the U.S. Constitution. Respondent maintains that the deprivation flowed from disciplinary proceedings affording due process (Doc. No. 9).

Burke is an inmate at FCI-Greenville. He is serving multiple prison terms for federal offenses committed in this district and in the District of Minnesota. On or about September 20, 2006, Officer Baldridge completed a chain of custody form indicating that he collected a urine specimen from petitioner for drug analysis. Petitioner signed the form, acknowledging that a specimen identified as number B01738692 was his own.

On or about September 25, 2006, Hasmukh Shah certified a laboratory report indicating that tests performed on specimen identification number B01738692 were positive for cocaine.

On or about September 25, 2006, Kenneth Joe Lippert, a pharmacist, reviewed petitioner's medical records and signed a memorandum stating that he found no evidence indicating that petitioner was prescribed medication which would have caused a positive result for cocaine.

On or about September 25, 2006, petitioner received an incident report charging him with a violation of prison Rule 112, which prohibits use of any narcotics, marijuana, drugs or related paraphernalia not prescribed by medical staff. The incident report described the incident as a urine sample testing positive for the use of cocaine. The report provided the date and time as well as the name of the officer who collected the sample (Baldridge) and the name of the officer who signed the report (Kessinger). Burke appeared for an interview before a unit disciplinary committee. He declined to make a comment on the charge and further declined to request witnesses.

The unit disciplinary completed an investigation and referred the charge to a disciplinary hearing officer (DHO) for further processing. On or about September 28, 2006, petitioner signed a form indicating that he did not wish to have witnesses or assistance from a staff representative. Petitioner denied the disciplinary charge but made no further statement.

On October 17, 2006, the DHO found that petitioner committed the act as charged, relying on the reporting employee's statement, the chain of custody form, the laboratory test results, the outcome of the medical file review, and petitioner's decision not to comment. Sanctions were imposed, including disallowance of 40 days of good conduct time and loss of visitation privileges for 730 days, followed by 365 days of restricted visitation.

Petitioner exhausted available administrative remedies before filing this action. During the administrative proceedings, it was noted that petitioner violated Rule 112 on two occasions within a short period of time and that he retains the ability to communicate with his family in writing.

## I.   Evidentiary Hearing and Appointment of Counsel

Petitioner requests an evidentiary hearing and appointment of counsel. Petitioner's financial eligibility for appointment of counsel has not been shown. Assuming that petitioner is indigent,

appointment of counsel is discretionary, governed by the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The issues in this proceeding are not complex. The relevant facts were developed and recorded during prison disciplinary and administrative remedy processes. Moreover, the arguments are grounded in law rather than disparate views of events. An evidentiary hearing is not warranted under these circumstances. Petitioner's claims may be resolved without providing assistance from counsel or conducting further proceedings. 28 U.S.C. § 2243; 28 U.S. C. § 2254(Rule 8).

## II. Due Process

To meet the due process standard in a prison disciplinary proceeding, an inmate must receive: (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

Petitioner argues that the evidence supporting the disciplinary decision was insufficient due to an inaccurate remark in the hearing officer's report. He notes that when the DHO summarized the evidence, he misidentified the reporting officer as "Burke." The reporting officer's name was actually Baldridge. Petitioner maintains that the error shows that the proceedings did not produce a reliable result.

The contours of due process do not guarantee a hearing report free of mistake. *Webb v. Anderson*, 224 F.3d 649, 652-53 (7th Cir. 2000)(toxicology report and chain of custody form with

two omissions satisfied due process). The DHO's error of referring to the reporting officer as "Burke" is an obvious misnomer. Despite the error, the summary remains adequate to inform petitioner that the reporting officer's statements were accepted in support of the decision. The misnomer did not create a mystery about the evidence supporting the hearing officer's decision or the rationale for the decision to impose discipline. Furthermore, the error did not inhibit meaningful administrative review and does not impair meaningful judicial review. This argument is rejected as grounds for habeas corpus relief.

Petitioner may also be arguing that the evidence was insufficient to support the finding of guilt. On this point, the question is "whether there is any evidence in the record that could support the conclusion reached by the [DHO]." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. at 455-56. The decision in petitioner's case is supported by ample documentary evidence, including a written summary from the reporting officer, laboratory test results, a chain of custody form, and the result of a medical record review.

Petitioner also argues that the disciplinary proceedings were inadequate because his word carried no weight due to his status as an inmate. He believes DHOs routinely give officer statements more credence than inmate statements, creating the appearance of partiality.

This argument lacks merit. Because petitioner declined to comment during the disciplinary proceedings, his written certification on the chain of custody form is the only inmate statement assessed by the DHO. There is no indication that the DHO discredited or discounted the weight of petitioner's certification due to his status as an inmate. Rather, the DHO mentioned petitioner's certification when reliable evidence was summarized.

Petitioner also argues that the sanctions restricting his visitation privileges are too harsh. The Court is not persuaded that the withdrawal of visitation privileges implicates a liberty interest. The Supreme Court has declined to characterize limited restrictions on visitation privileges as an atypical, significant deprivation. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003); *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

### III. Eighth Amendment

Plaintiff appears to challenge the conditions of his confinement as a violation of the Eighth Amendment. Specifically, he maintains that the extensive restriction of visitation privileges amounts to cruel and unusual punishment. This particular claim is not cognizable in habeas corpus. It should be dismissed without prejudice to plaintiff's right to bring a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### IV. Conclusion

IT IS RECOMMENDED that Dale Burke's § 2241 petition for a writ of habeas corpus be DENIED. This action should be dismissed without prejudice to Burke's right to bring his Eighth Amendment claim in civil rights litigation.

SUBMITTED: __May 8, 2008__ .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**