IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DALE BURKE,            | ) |                        |
|------------------------|---|------------------------|
|        Petitioner,     | ) |                        |
|                        | ) |                        |
| vs.                    | ) | CIVIL NO. 07-432-GPM   |
|                        | ) |                        |
| W.A. SHERROD,          | ) |                        |
|                        | ) |                        |
|        Respondent.     | ) |                        |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate at FCI-Greenville, brings this action under 28 U.S.C. § 2241 challenging disciplinary proceedings that resulted in the loss of good time credits and restrictions on visitation privileges. Petitioner alleges that his due process rights were violated and that the restrictions on his visitation privileges amount to cruel and unusual punishment. This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier, recommending that the petition for a writ of habeas corpus be denied without prejudice to Petitioner's right to pursue his Eighth Amendment claim in civil rights litigation (Doc. 16). Petitioner filed timely objections to the Report and Recommendation on June 23, 2008 (Doc. 19).

When timely objections to a Report and Recommendation have been filed, this Court must undertake a *de novo* review. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); Local Rule 73.1(b) of the United States District Court for the Southern District of Illinois; *Harper v. City of Chicago Heights*, 824 F.Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject, or modify the magistrate judge's recommended

decision." *Harper*, 824 F.Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* Charles Alan Wright, Arthur M. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3076.8, at p. 55 (1992 Pocket Part).

The relevant facts and procedural history are set forth in the Report and Recommendation and will be revisited here only as necessary. Likewise, Magistrate Judge Frazier's findings and conclusions are thorough and well-reasoned, and the applicable legal standards will only be recited to address Petitioner's objections, which are two-fold.

First, Petitioner objects to Magistrate Judge Frazier's conclusion that appointment of counsel is not warranted in this case. Petitioner attempts to distinguish *Pennsylvania v. Finley*, 481 U.S. 551 (1987), which Magistrate Judge Frazier cites, because the petitioner in *Finley* was mounting a collateral attack on his conviction, whereas here Petitioner is challenging the hearing that resulted in the loss of his good time credits and the restriction of his visitation privileges, which he claims has nothing to do with his conviction and in which a liberty interest is involved. Petitioner argues that when a liberty interest is taken without due process, appointment of counsel should be required. This contention, however, is neither supported by statute nor case law. The standard for appointment of counsel in civil cases is well-established. Appointment of counsel in such proceedings is discretionary. "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation *may* be provided for any financially eligible person who … (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. 3006A(a)(2)(B) (emphasis added). Likewise, the Seventh Circuit Court of Appeals has stated: "Further, it has been the law of this circuit that appointment of counsel for indigents in habeas

corpus proceedings rests in the discretion of district courts 'unless denial would result in fundamental unfairness impinging on due process rights.'" *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983), *quoting LaClair v. United States*, 374 F.2d 486 (7th Cir. 1967). In *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997), the Court of Appeals stated: "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." This is not such a case, and the fact that Petitioner is claiming a due process violation in his disciplinary proceedings does not make it so. Denial of counsel in this matter does not impinge upon Petitioner's due process rights. This case does not present complex factual or legal issues, and appointment of counsel is not warranted. *See Wilson*, 716 F.2d at 418.

Second, Petitioner challenges Magistrate Judge Frazier's finding that the disciplinary hearing officer's (DHO's) reference to Burke (the petitioner) as the reporting officer rather than Baldridge was merely a misnomer. Rather, Petitioner claims that this misidentification renders the report inaccurate and, as such, the entire proceeding was so unreliable as to deprive him of due process. Additionally, Petitioner claims that it is well known among prisoners that the DHO gives less weight to prisoner testimony than to staff testimony, and, therefore, the proceedings are facially unfair.

The misnomer of the reporting officer is not fatal to the reliability of the disciplinary proceedings. As recognized by Magistrate Judge Frazier, the contours of due process do not ensure or require an error-free hearing. In *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), the Seventh Circuit Court of Appeals upheld a prison disciplinary board's decision to revoke good time credits from a prisoner based on a positive drug test, even though the board could not identify who tested the drugs nor confirm that the sample remained sealed throughout the chain of custody,

stating: "It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision." As correctly noted by Magistrate Judge Frazier, the misnomer – while it was an error – did not prevent meaningful administrative review and does not impair judicial review of the evidence supporting the hearing officer's decision or rationale for the decision to impose discipline.

This Court agrees with Magistrate Judge Frazier's finding that there is "ample evidence" in the record to support a finding of guilt on the disciplinary charges, but that is more than what is legally required.

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board.

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added); *accord McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In this case, Petitioner signed a form indicating that the urine specimen identified as number B01738692 was his; Officer Baldridge completed a chain of custody form indicating that he collected urine from Petitioner for drug analysis; laboratory reports showed that the tests done on the specimen were positive for cocaine; Petitioner's medical records were reviewed and indicated no prescribed medication that would cause a positive result for cocaine. Clearly, there is sufficient evidence in the record to support the DHO's decision.

Petitioner's claim that prisoners' statements are not given their proper weight warrants little discussion. He was given an opportunity to speak at the hearing and declined to do so. His written certification on the chain of custody form was credited by the DHO, however.

Finally, Petitioner, in his petition, claims that the restrictions of his visitation privileges

amount to cruel and unusual punishment in violation of the Eighth Amendment. This claim is not cognizable in habeas corpus and, accordingly, is dismissed without prejudice to Petitioner's right to bring a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Frazier (Doc. 16) is **ADOPTED**. The petition under 28 U.S.C. § 2241 for writ of habeas corpus (Doc. 1) is **DENIED**, and this action is **DISMISSED without prejudice** to Petitioner's right to bring his Eighth Amendment claim in civil rights litigation. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 08/04/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge